UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAR BRANDON GOLSON,<br><br>Plaintiff,<br><br>v.<br><br>J. NARVAEZ, et al.,<br><br>Defendants. | Case No. 18-cv-01966-WHO (PR)<br><br>**ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK** |

## INTRODUCTION

Plaintiff Jamar Brandon Golson has stated Eighth Amendment claims against prison guards and a nurse at Salinas Valley State Prison. The Court directs defendants to file in response to the complaint a dispositive motion, or notice regarding such motion, on or before **October 29, 2018**, unless an extension is granted. The Court further directs that defendants comply with the notice provisions detailed in Sections 2.a and 10 of the conclusion of this order.

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

Golson puts forth two sets of Eighth Amendment claims. One set is based on allegations of excessive force; the other on allegations of inadequate medical care.

**i.  Excessive Force**

Golson alleges that (i) Salinas Valley prison guard J. Navarez used excessive force on him on April 23, 2017, an act in which he was joined by guards Alvarado, Akins, and Aranda; (ii) Navarez threatened him during that same incident; and (iii) Lieutenant Pennessi was aware of the guards' acts and therefore is legally liable as well.

The excessive force claims against Navarez, Alvarado, Akins, and Aranda are cognizable under section 1983, when liberally construed. The threat claim against Navarez

2

is DIMISSED. Allegations of mere threats also are not cognizable under section 1983. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987)

The claim against Pennessi is DISMISSED with leave to amend. There is no respondeat superior liability under section 1983, *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), which means that a person is not automatically held responsible simply because he or she is a supervisor of an employee who commits a wrong. It is not enough that the supervisor merely has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.*

### ii. Medical Care

Golson alleges that (i) R. Erguiza, a nurse, failed to provide adequate medical care for the shoulder injury he suffered as a result of the April 2017 attack; and (ii) K. Kumar and Darrin Bright, both doctors at Salinas Valley State Prison, are also liable for the inadequate medical care.

The claim against Erguiza is cognizable under section 1983, when liberally construed. The claims against Kumar and Bright are DISMISSED as conclusory. Golson mentions their names but provides no specific description of their acts or how they are liable. If Golson wishes to pursue the claims against Kumar and Bright, he must file an amended complaint on or before **September 4, 2018**. Further instructions regarding filing an amended complaint are contained in the conclusion of this order. If no amended complaint is filed by the deadline, the action will proceed on the cognizable claims detailed in this order.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the operative complaint in this matter (Dkt. No. 22), all attachments thereto, and a copy of this order upon prison guards J. Navarez, Alvarado, Akins, and Aranda, and on R. Erguiza, a nurse, all of whom are

3

employed at Salinas Valley State Prison. The Clerk shall also mail courtesy copies of the operative complaint and this order to the California Attorney General's Office.

    2. On or before **October 29, 2018**, defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above.

        a. If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

        b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than forty-five (45) days from the date defendants' motion is filed.

    4. Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is filed.

    5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    6. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

    7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

10. A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendants shall provide the following notice to plaintiff when they file and serve any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

11. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a

5

timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12. If Golson wishes to file an amended complaint, he must comply with the following instructions. The amended complaint must include the caption and civil case number used in this order (18-01966 WHO (PR)) and the words FIRST AMENDED COMPLAINT on the first page. <u>Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.</u> *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). This means he must reallege the claims already found cognizable above along with his revised allegations against Pennessi, Kumar and Bright. He may not incorporate material from the prior complaint by reference. Any amended complaint must be filed on or before **September 4, 2018**. No extensions of time will be granted.

13. The Clerk shall dismiss defendants Pennessi, K. Kumar, and D. Bright.

**IT IS SO ORDERED.**

**Dated:** July 26, 2018

WILLIAM H. ORRICK
United States District Judge