UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAR BRANDON GOLSON,<br><br>Plaintiff,<br><br>v.<br><br>J. NARVAEZ, et al.,<br><br>Defendants. | Case No. 18-cv-01966-WHO (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY THIS FEDERAL SUIT PENDING RESOLUTION OF STATE CRIMINAL PROCEEDINGS**<br><br>Dkt. No. 22 |

This federal civil rights action should not proceed until parallel state criminal proceedings conclude. Accordingly, defendants' motion for a stay is GRANTED. (Dkt. No. 22.)

The two cases, federal and state, concern the same events and the same parties. In the federal suit, Golson alleges defendant Narvaez and his other jailors used excessive force on him on April 23, 2017 at Salinas Valley State Prison. (*Id.* at 2-3.) In the state proceedings in the Monterey County Superior Court, Case No. 17CR003932, Golson is charged with committing battery on Narvaez during that same incident on April 23, 2017, and with possessing contraband in prison. (*Id.*)

Defendants seek to depose Golson in the federal civil case. (*Id.* at 3.) However, Golson's criminal defense attorney has advised his client against being deposed, likely

because any admissions might be used against him in his criminal trial. (*Id.*) He has urged his client to stipulate to a stay, but Golson refuses to do so. (*Id.*) Defendants now move move to stay the civil action pending resolution of the criminal proceedings.

"[W]hen simultaneous civil and criminal proceedings involve the same or closely related facts, the Fifth Amendment concerns may be sufficient to warrant a stay." *McCormick v. Rexroth*, No. C 09-4188 JF, 2010 WL 934272, at *2 (N.D. Cal. Mar. 15, 2010) (citation omitted). In addition to Fifth Amendment concerns, courts should consider (1) the interests of the plaintiff in proceeding and the potential prejudice caused by a delay; (2) the burden that proceeding may place on defendants; (3) the convenience of the court in managing its case load; (4) the interests of third parties; and (5) the interest of the public in the pending civil and criminal proceedings. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-325 (9th Cir. 1995).

A stay is appropriate here. First, Golson's Fifth Amendment rights would likely be implicated in any discovery arising from the civil suit, as his defense attorney has wisely pointed out. Second, I see no reason that a stay would prejudice either party. Discovery has not formally started and no trial date has been set. Furthermore, "[t]he active criminal case may help keep witnesses' memories fresh, preserve the testimony of witnesses who later become unavailable, and ensure the retention of important evidence and documents." *S.E.C. v. Alexander*, No. 10-CV-04535-LHK, 2010 WL 5388000, at *4 (N.D. Cal. Dec. 22, 2010).

Third, a stay will promote efficiency by allowing civil discovery to "proceed unobstructed by concerns regarding self-incrimination." *Jones v. Conte*, No. 045312SI, 2005 WL 1287017, at *2 (N.D. Cal. Apr. 19, 2005) (citation omitted). Fourth, a stay will serve the interests of third parties and the public. Courts have held that "[t]he criminal case is of primary importance to the public . . . [while] the civil case, which carries only civil sanctions and monetary penalties, is not of an equally pressing nature." *S.E.C. v. Nicholas*, 569 F. Supp. 2d 1065, 1072-1073 (C.D. Cal. Aug. 4, 2008).

Defendants' motion to stay pending resolution of parallel state criminal proceedings is GRANTED. (Dkt. No. 22.) The dispositive motion deadline is VACATED. All further proceedings in this case are STAYED pending resolution of state criminal proceedings against Golson in the Monterey County Superior Court.

Defense counsel must notify the Court within 30 days after the criminal case is resolved.

The Clerk shall terminate Dkt. No. 22 and ADMINISTRATIVELY CLOSE the file pending the stay of this action.

**IT IS SO ORDERED.**

**Dated:** October 31, 2018



WILLIAM H. ORRICK
United States District Judge