UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAR BRANDON GOLSON,<br><br>    Plaintiff,<br><br>    v.<br><br>J. NARVAEZ, et al.,<br><br>    Defendants. | Case No. 18-cv-01966-WHO (PR)<br><br>**SECOND ORDER OF SERVICE;**<br><br>**ORDER DIRECTING DEFENDANTS TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;**<br><br>**INSTRUCTIONS TO CLERK**<br><br>Dkt. Nos. 49, 51, and 57 |

## INTRODUCTION

In his second amended complaint, plaintiff Jamar Brandon Golson has stated Eighth Amendment claims against employees of Salinas Valley State Prison. The Court directs defendants to file in response to the operative complaint a dispositive motion, or notice regarding such motion, on or before **March 13, 2023**, unless an extension is granted. The Court further directs that defendants comply with the notice provisions detailed in Sections 2.a and 10 of the conclusion of this order.

## DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed.

*See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Golson's motion to amend his complaint is GRANTED. (Dkt. No. 49.) <u>No further amended complaints will be entertained.</u> In his second amended complaint, Golson puts forth two sets of Eighth Amendment claims. One set is based on allegations of excessive force; the other on allegations of inadequate medical care.

**i.     Excessive Force**

Golson alleges that Salinas Valley prison guard J. Navarez used excessive force on him on April 23, 2017, an act in which he was joined by guards Alvarado, Akins, and Aranda. The excessive force claims against Navarez, Alvarado, Akins, and Aranda are cognizable under section 1983, when liberally construed.

**ii.     Medical Care**

Golson alleges that R. Erguiza, a nurse; K. Kumar, a doctor; and Darrin Bright, a doctor, provided inadequate medical care or interfered with Golson receiving constitutionally adequate medical care. When liberally construed, Golson's claims against

1  Erguiza, Kumar, and Bright are cognizable under § 1983.

2  **C.    Pending Motions**

3      Golson's motion for partial summary judgment is DENIED without prejudice to Golson filing a cross motion for summary judgment when defendants file their motion for summary judgment.  (Dkt. No. 51.)

    Golson moves for the appointment of counsel.  (Dkt. No. 57.)  The decision to request counsel to represent an indigent litigant under 28 U.S.C. § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex.  *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997).

    There is no doubt that not having a lawyer puts a party at a disadvantage in our adversarial system of justice.  Across the United States in 2020, unrepresented prisoners filed almost 8000 cases, roughly 16.65% of all new civil filings.  United States Courts for the Ninth Circuit, 2020 Annual Report, https://cdn.ca9.uscourts.gov/datastore/judicial-council/publications /AnnualReport2020.pdf.  The high percentage of civil litigants who cannot afford counsel threatens our ability to dispense equal justice to rich and poor alike, as the judicial oath demands.  That said, I am compelled to follow controlling precedent and determine if "exceptional circumstances" exist to appoint counsel in the cases before me.

    Golson has not shown that exceptional circumstances exist.  His filings are clear, and the suit does not present complex legal issues.  Accordingly, Golson's motion for the appointment of counsel is DENIED.  I will reconsider the necessity of appointing counsel

if circumstances warrant such action at a later date.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Court orders service of the operative complaint (Dkt. No. 49-1), and all attachments thereto, on defendants Navarez, Alvarado, Akins, and Aranda, all correctional officers at Salinas Valley State Prison; and R. Erguiza, a nurse; K. Kumar, a doctor; and Darrin Bright, a doctor, all employees of Salinas Valley State Prisoner, and orders these defendants to respond to the cognizable claims raised in the complaint.

2. Service on these defendants shall proceed under the California Department of Corrections and Rehabilitation's e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative complaint (Docket No. 49-1) and its attachments; this order; a CDCR Report of E-Service Waiver form; and a summons. The Clerk also shall serve a copy of this order on the plaintiff.

3. No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

4. Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.

4

1    5.   On or before **March 13, 2023**, defendants shall file a motion for summary
2  judgment or other dispositive motion with respect to the claim(s) in the complaint found to
3  be cognizable above.
4         a.   If defendants elect to file a motion to dismiss on the grounds plaintiff
5  failed to exhaust his available administrative remedies as required by 42 U.S.C.
6  § 1997e(a), defendants shall do so in a motion for summary judgment, as required by
7  *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).
8         b.   Any motion for summary judgment shall be supported by adequate
9  factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of
10 Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor
11 qualified immunity found, if material facts are in dispute.  If any defendant is of the
12 opinion that this case cannot be resolved by summary judgment, he shall so inform the
13 Court prior to the date the summary judgment motion is due.
14   6.   Plaintiff's opposition to the dispositive motion shall be filed with the Court
15 and served on defendants no later than forty-five (45) days from the date defendants'
16 motion is filed.
17   7.   Defendants shall file a reply brief no later than fifteen (15) days after
18 plaintiff's opposition is filed.
19   8.   The motion shall be deemed submitted as of the date the reply brief is due.
20 No hearing will be held on the motion unless the Court so orders at a later date.
21   9.   All communications by the plaintiff with the Court must be served on
22 defendants, or defendants' counsel once counsel has been designated, by mailing a true
23 copy of the document to defendants or defendants' counsel.
24   10.  Discovery may be taken in accordance with the Federal Rules of Civil
25 Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local
26 Rule 16-1 is required before the parties may conduct discovery.
27        Plaintiff is reminded that state prisoners may review all non-confidential material in
28 their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App.

1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1. Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

Plaintiff may also use any applicable jail procedures to request copies of (or the opportunity to review) any reports, medical records, or other records maintained by jail officials that are relevant to the claims found cognizable in this order. Such requests must be made directly to jail officials, not to the court.

11. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

13. A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendants shall provide the following notice to plaintiff when he files and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.4
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn

6

testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

14. Golson's motion for partial summary judgment is DENIED without prejudice. (Dkt. No. 51.) His motion for the appointment of counsel is DENIED. (Dkt. No. 57.)

15. The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** December 1, 2022



WILLIAM H. ORRICK
United States District Judge